IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MAIKEL HERNANDEZ LAURENCIO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| ALEXANDER SANCHEZ, WARDEN | § | CIVIL ACTION NO. 9:26-CV-00301 |
| IAH SECURE ADULT DETENTION | § | JUDGE MICHAEL J. TRUNCALE |
| FACILITY; SIRCE OWEN, ACTING | § | |
| DIRECTOR OF EXECUTIVE OFFICE FOR | § | |
| IMMIGRATION REVIEW; MARKWAYNE | § | |
| MULLIN, U.S. SECRETARY OF | § | |
| HOMELAND SECURITY, IN THEIR | § | |
| OFFICIAL CAPACITIES, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Maikel Hernandez Laurencio ("Hernandez Laurencio")'s

Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition

is **DENIED**.

## I. BACKGROUND

Petitioner Maikel Hernandez Laurencio is a Cuban national. [Dkt. 1 at ¶ 23]. On February

2, 2026, United States Immigration and Customs Enforcement ("ICE") detained Hernandez

Laurencio. *Id.* at ¶ 28.

On April 28, 2026, Hernandez Laurencio brought a habeas corpus petition, claiming that

his detention violates the Fifth Amendment to the United States Constitution and the

Administrative Procedure Act ("APA"). [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

#### A. Due Process

Hernandez Laurencio argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Hernandez Laurencio were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Hernandez Laurencio's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Hernandez Laurencio's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Hernandez Laurencio's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Hernandez Laurencio's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Hernandez Laurencio's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Hernandez Laurencio's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Hernandez Laurencio to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### B. APA

Hernandez Laurencio argues that the Government violated the APA by failing to consider mitigating factors. [Dkt. 1]. The Court lacks jurisdiction to decide the merits of Hernandez Laurencio's APA claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Hernandez Laurencio's lack of serious criminal history and potential eligibility for asylum or other special statuses do not retroactively make his illegal entry lawful. Because Hernandez Laurencio is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or pending asylum applications. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, Hernandez Laurencio must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

3

## IV. CONCLUSION

It is therefore **ORDERED** that Hernandez Laurencio's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of May, 2026.**

_____
Michael J. Truncale
United States District Judge